LOUISE E. FIELDERS, DEFENDANT IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued June 4, 1901—Decided November 11, 1901.

1. A city ordinance, passed under due legislative authority to regulate street railways, that requires operating companies to repave and keep in repair, to the satisfaction of the proper city authorities, in any paved street of the city in which their tracks are or shall be laid, a space between lines one foot outside of their outer rails, under penalty that, on default after notice, the city may repair at the company's cost, is a valid police regulation, creating a duty towards the traveling public; and is evidential in an action for negligence brought against such a company by a passenger who is injured through a defect in that part of the street pavement, while passing from car to sidewalk.

2. In such a case the ordained duty is absolute and not dependent on notice; it is immaterial whether the defective pavement was laid under the ordinance or previously laid and fallen into disrepair.

3. In an action for negligence, tried with a jury, there was evidence as follows: The plaintiff, a passenger on the defendant's street railway, alighted, at the only place afforded for that purpose, from a car which was stopped for her at a crosswalk. By direction of the conductor, she passed behind the car towards her destination, pointed out by the conductor, on the opposite side of the street. In so doing she was injured, through a defect in pavement adjoining the crosswalk, at a place where it was the duty of the defendant to keep the pavement in repair. The defect had existed

for upwards of two months. She did not see, and had no warning of, the danger. *Held*, that it would not have been lawful for the trial judge to have held either that no negligence chargeable to the defendant had been proved or that negligence of the plaintiff indisputably contributed to her injury. The case, in both aspects, was for the jury.

On error to Essex County Circuit Court.

The plaintiff recovered a judgment, on verdict, in an action for negligence. The defendant has brought a writ of error, the assignments under which present only exceptions sealed at the trial.

The evidence on the part of the plaintiff was as .follows: In 1894 the board of street and water commissioners of the city of Newark, among other things, ordained that in any paved street in that city, in which railway tracks were or should be laid, the operating company should repave such street between lines one foot outside its outer rails, said pavement to be laid under the direction and to the satisfaction of such board, and should keep the pavement so laid in good and complete repair to such satisfaction, in default whereof the board, on ten days' notice, might make needed repairs at the company's cost. At the time of the passage of this ordinance Mulberry street, in Newark, was paved. On April 12th, 1899, the defendant was operating a railway on that street. In the forenoon of the day last named, the plaintiff, a non-resident, was a passenger in the defendant's car running south along Mulberry street. She told the conductor that she wished to go to Oak street, which begins on the east side of Mulberry street and runs in an easterly direction; and the car was stopped for her to get off, with its rear platform extending over a crosswalk leading to Oak street. The only opportunity to leave the car was from the rear platform and towards the west. The conductor directed the plaintiff to pass behind the car easterly to Oak street, which he pointed out to her. In attempting to do so she stepped into a hole in the pavement directly behind the car and in its shadow. She did not see and was not warned of the danger. She fell heavily, thus sustaining the injury for which she brought suit. The hole was between the rails

of the track on which the car had been running and along the
north side of the crosswalk at which it stopped. It was caused
by the removal upwards of two months before of some of the
stone blocks with which the street had been paved. The only
variant evidence adduced in defence was testimony to the effect
that although there was a depression about five inches deep,
caused by a sinking in of the pavement, no blocks were gone
and that the depression was about a foot from the crosswalk.

Before Depue, Chief Justice, and Justices Dixon, Garri-
son and Collins.

For the plaintiff in error, *George T. Werts.*

For the defendant in error, *Frederick E. Hodge* and *Samuel
Kalisch.*

The opinion of the court was delivered by

Collins, J.  Exceptions were sealed to refusals to nonsuit
and to direct a verdict, but they are not cognizable, as the
bills of exceptions do not state the grounds of the motions.
The points discussed by the trial judge in refusing the motion
to nonsuit are, however, presented by exceptions to refusal to
charge certain requests, compliance with which would have
compelled a verdict for the defendant. Those requests postu-
late that no negligence chargeable to the defendant had been
proved and that it conclusively appeared that the plaintiff, by
negligence, contributed to her injury. In both aspects the
case was one for the jury. As to the defendant, negligence
was fairly inferable from a management of affairs that per-
mitted the plaintiff without warning to alight from and pass
behind the car when so overhanging the crosswalk as to make
her encounter a dangerous defect, long existent in the pave-
ment. When to this was added the ordained duty of the de-
fendant to have kept the pavement in repair, negligence was
hardly disputable. As to the plaintiff's conduct on the other
hand, there was abundant room to dispute a lack of such care
as the circumstances required.

Some of the requests refused assume that a passenger alighting from a street car should be held to take the risks of defects in the highway. That depends upon circumstances, a most important one in this case being that the defect was a result of the carrier's breach of duty. Where a duty is imposed by law to keep a highway in good condition an action lies for injury sustained by reason of the neglect of that duty. *Ell. R. & S.* (2d ed.), § 782. In this state public corporations, but those only, are excepted from this liability. A recent illustration of the principle will be found in the decision of this court in *Sonn* v. *Erie Railroad Co.*, 37 *Vroom* 428, where a railroad company, charged with the duty to keep its rails at a grade crossing sufficiently bridged for the convenient passage of carriages, horses and cattle, was held liable to a bicyclist thrown from her wheel by reason of a gap in the bridging. It was further held that proof of the defect was *prima facie* proof of neglect.

The subject mainly discussed by the experienced counsel for the plaintiff in error was the relevancy and effect of the city ordinance above mentioned. Exceptions were sealed to its admission in evidence and to refusal to charge divers requests as to its legal effect in the case. It was clearly evidential. It was a general ordinance affecting all street railways and was passed under due legislative authority for their regulation. *Pamph. L.* 1857, *p.* 116; *Pamph. L.* 1891, *p.* 249, § 12; *In re Haynes*, 25 *Vroom* 6. The burden laid upon the operating companies was one fairly within proper police regulation and could constitutionally be laid as a condition of the exercise of a franchise in a public street, whether under an irrepealable contract or otherwise. *North Hudson County Railway Co.* v. *Hoboken*, 12 *Vroom* 71; *Traction Co.* v. *Elizabeth*, 29 *Id.* 619; *Morris and Essex Railroad Co.* v. *Orange*, 34 *Id.* 252; *Booth St. Ry. L.*, §§ 220, 224, 240, 242; *Ell. R. & S.* (2d ed.), §§ 742, 743, 772.

It was assumed by the requests refused and is contended in this court that the ordinance was a matter of contract between the city and the operating company in which the plaintiff had no privity; but such is not its legal *status*. It is,

as stated, a police regulation in which the traveling public are concerned. The board of street and water commissioners, in ordaining its provisions, exercised a delegated legislative authority and the burden imposed was absolute. That the fulfillment of the requirement to repair was to be measured by the satisfaction of the board is immaterial as is also the provision for the city's making repairs at the company's cost on default after notice. The failure of the board to act would not be proof that it was satisfied with the condition of the pavement, nor does the provision for notice imply that no repair need be made except upon notice. These provisions are regulative only and afford the necessary sanction to give effect to the ordinance.

It is urged that under a fair construction of the ordinance repavement is not arbitrarily demandable, but can be exacted only on reasonable need, and that as there was no proof in the case that the company had ever repaved Mulberry street, the ordinance was not applicable, for the reason that it is only a pavement laid by the company that must be kept in repair. This argument is but specious. If the defective space had not been repaved it surely needed repaving; if it had been it needed repair. It is of no importance to which word resort is had in fastening its duty on the defendant.

We find no error and the judgment is affirmed.